**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Camara Bowden,** | Bankruptcy No. 22-00746 |
| Debtor | Honorable Donald R. Cassling |

## NOTICE OF MOTION

TO: See attached list

    **PLEASE TAKE NOTICE** that on April 5, 2022, at 9:30 a.m., I will appear before the Honorable Donald R. Cassling, or any judge sitting in that judge's place, and present the **Motion of Camara Bowden, Debtor, to Compel Abandonment, and to Shorten Notice**, a copy of which is attached.

    **This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

    **To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

    **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

    **Meeting ID and password.** The meeting ID for this hearing is 161 414 7941 and the password is 619. The meeting ID and password can also be found on the judge's page on the court's web site.

    If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

{00218693}

**Camara Bowden,**

By: */s/ Justin Storer*
One of His Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 373-7226
Fax:     (847) 574-8233
Email:  jstorer@wfactorlaw.com

{00218693}

# CERTIFICATE OF SERVICE

I, Justin Storer, an attorney, hereby certify that on March 29, 2022, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. mail on all other persons identified on the attached Service List.

*/s/ Justin Storer*

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| **Ira Bodenstein** | iratrustee@cozen.com |
| **Patrick S. Layng** | ustpregion11.es.ecf@usdoj.gov |

**Non-registrants in the Case**
(Service via first-class mail; including list of all creditors following)

Northwestern Mutual
720 E. Wisconsin Ave.
Milwaukee, WI 53202

{00218693}

| | | |
|---|---|---|
| Alyssa Crawford<br>c/o Daniel Zemans<br>2023 W. Berteau Ave.<br>Chicago, IL 60618-3179 | American Express<br>PO Box 297879<br>Fort Lauderdale, FL 33329-7879 | ACD Emergency Road Services, LLC<br>11624 S. Bell Ave.<br>Chicago, IL 60643-4716 |
| BMO Harris<br>PO Box 94934<br>Lincolnshire, IL 60069 | BMO Harris Bank<br>PO Box 2008<br>Milwaukee, WI 53201-2008 | Ascentium Capital<br>23970 Highway 59 North<br>Kingwood, TX 77339-1535 |
| Capital One Bank<br>PO Box 31293<br>Salt Lake City, UT 84131-0293 | JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM 700<br>KANSAS LANE FLOOR 01 MONROE LA<br>71203-4774 | Bank of America<br>PO Box 982238<br>El Paso, TX 79998-2238 |
| Comenity Bank<br>PO Box 182789<br>Columbus, OH 43218-2789 | Dantea Grayson<br>11624 S. Bell Ave.<br>Chicago, IL 60643-4716 | City of Chicago<br>Nonpriority Creditor's Name<br>Department of Admin. Hearings<br>400 W. Superior<br>Chicago, IL 60654-3409 |
| HOME POINT FINANCIAL CORPORATION<br>11511 LUNA ROAD<br>2ND AND 3RD FLOOR<br>FARMERS BRANCH TX 75234-6451 | IC System Inc<br>PO Box 64378<br>Saint Paul, MN 55164-0378 | DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY UNIT<br>PO BOX 19035<br>SPRINGFIELD IL 62794-9035 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Illinois Department of Labor<br>160 N. LaSalle St., Suite C-1300<br>Chicago, IL 60601-3114 |
| Nonpriority Creditor's Name<br>1100 Winter Street<br>Suite 4600<br>Waltham, MA 02451-1453 | Peggy Taylor, et al.<br>4728 S. Prairie Ave., Unit 1<br>Chicago, IL 60615-1210 | Municipal Collection Service<br>PO Box 327<br>Palos Heights, IL 60463-0327 |
| Robert Cole<br>c/o Daniel Zemans<br>2023 W. Berteau Ave.<br>Chicago, IL 60618-3179 | Samsara<br>Nonpriority Creditor's Name 1170<br>Peachtree Street, 9th Floor<br>Atlanta, GA 30309-7649 | Peoples Energy Credit Union<br>200 E. Randolph St.<br>22nd Floor<br>Chicago, IL 60601-6433 |
| Sedrick Morris<br>c/o Shimanovsky & Moscardini<br>130 S. Jefferson St., Suite 350<br>Chicago, IL 60661-5762 | Shanice Hayes<br>6411 S. Washtenaw Ave. Chicago,<br>IL 60629-1733 | Santander Bank, N.A.<br>3 Huntington Quad<br>Suite 101N<br>Melville, NY 11747-4623 |
| US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | Camara Bowden<br>11624 S. Bell Ave.<br>Chicago, IL 60643-4716 | Sharon Hamilton<br>4728 S. Prairie, Unit 3<br>Chicago, IL 60615-1210 |

Synovus Bank
1797 N. East Expy NE
Brookhaven, GA 30329-7803

Tara Walker
4728 S. Prairie, Unit 2
Chicago, IL 60615-1210

Transworld Systems Inc.
500 Virginia Drive, Suite 514
Fort Washington, PA 19034-2733

WESTLAKE COMMUNITY HOSPITAL
123 N WACKER DRIVE
SUITE 1800
CHICAGO IL 60606-1770

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Camara Bowden,** | Bankruptcy No. 22-00746 |
| Debtor | Honorable Donald R. Cassling |

## MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY OF THE ESTATE AND TO SHORTEN NOTICE

Camara Bowden (the "***Debtor***") seeks an order compelling the chapter 7 Trustee to abandon certain exempt property, to wit, the Debtor's postpetition right to receive disability benefits, which accrued both prepetition and postpetition. This right has been scheduled and is asserted to be exempt.

Even if the exemption would otherwise be found not to be objectionable, an order compelling abandonment is necessary for practical purposes: The Debtor has no income at this moment, and the debtor's disability insurance carrier, Northwestern Mutual, has requested clarifying authority to memorialize that it may make payment to the Debtor.

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4. On January 23, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5. Ira Bodenstein was appointed as the interim trustee in the Case pursuant 11 U.S.C. § 701. The original meeting of creditors pursuant to § 341 of the Bankruptcy Code was conducted on February 15, 2022, and has been continued for follow-up.

6. On March 9, 2022, the Debtor filed amended schedules A/B and C, disclosing that he was entitled to receive $2,000 per month disability, plus an (approximately) $16,000 arrearage as disability insurance benefits. The Debtor asserted that this right was 100% exempt, pursuant to 735 ILCS 5/12-1001(g)(3).

7. This exemption protects "The debtor's right to receive: […] a disability, illness, or unemployment benefit."

## DISCUSSION

8. Pursuant to section 554(b) of the Bankruptcy Code, "on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

9. The Debtor's right to receive disability insurance benefits is exempt, and were these benefits paid to the Trustee, he would simply refund them to the Debtor, and so this right is burdensome and of inconsequential value to the estate.

10. The asserted exemption not having become "final," by way of the Trustee's declining to file a timely objection to the exemption and the subsequent closure of the case, see *Lulay Law Offices v. Rafter*, 579 B.R. 827, 833 (N.D.Ill. 2017), the Debtor submits that abandonment is appropriate. (To clarify this point, the deadline for the trustee to make any

{00218693}

such objection has not even commenced to run; the section 341 meeting has not been concluded.)

## NOTICE

11. Seven days' notice of this motion has been provided to a) the Trustee, b) the United States Trustee, and c) all parties that receive electronic notice in this matter.

12. The Debtor acknowledges that under Rule 6004(b), a party in interest may serve a notice of objection to a motion to compel a Trustee's abandonment within 14 days of the mailing of the notice. The Debtor submits that due to the relatively-uncomplicated facts at hand and personal urgency, that shortened notice is appropriate, and authorized by 6004(b), providing that objection can be made within 14 days, "or within the time fixed by the court."

13. The Debtor respectfully requests that the Court deem the notice sufficient under the circumstances.

**WHEREFORE**, the Debtor respectfully requests this Court enter an order compelling the Trustee to abandon the Debtor's right to receive disability benefit payments from Northwestern Mutual, authorizing Northwestern Mutual to make such payments to the Debtor directly in comport with its ordinary policies, and issuing such further relief as the Court deems appropriate.

Dated: March 29, 2022    **Camara Bowden**

By: */s/ Justin R. Storer*
One of his attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
(312) 373-7226 | Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

{00218693}